```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE NEW YORK TIMES COMPANY,               :
                                          :
                Plaintiff,                :
                                          :   MEMORANDUM ORDER
                                          :
          -v.-                            :
                                          :   20 Civ. 3063 (GWG)
DEPARTMENT OF HEALTH & HUMAN              :
SERVICES,                                 :
                                          :
                Defendant.                :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On January 13, 2021, we issued an Opinion and Order, see New York Times Co. v. Dept. of Health & Human Services, 2021 WL 113325 (S.D.N.Y. Jan. 13, 2021), that ordered the defendant to produce the Report that was the subject of that Opinion and Order within 14 days: that is, on or before January 27, 2021. See 5 U.S.C. § 552(a)(4)(B) (district court has jurisdiction "to order the production of any agency records improperly withheld from the complainant"). The Government seeks a stay pending a potential appeal of that Order, even though it has not yet filed a notice of appeal. (Docket # 32). The plaintiffs have opposed the request. (Docket # 34).

Governing Law

The Second Circuit has described the factors relating to a request for a stay pending appeal as follows:

> In deciding whether to grant a stay pending appeal, we consider: (1) whether the movant has demonstrated a "strong showing that he is likely to succeed on the merits"; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether the non-moving party will suffer substantial injury if a stay is issued; and (4) the public interests that may be affected. See In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007). The degree to which a factor must be present varies with the strength of the others; "more of one [factor] excuses less of the other." Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (citation and quotation marks omitted). The first two — likely success on the merits and irreparable injury — are the "most critical." Nken v. Holder, 556 U.S. 418, 129 (2009).

S.E.C. v. Daspin, 557 Fed. Appx. 46, *47-*48 (2d Cir. Feb. 5, 2014).

1

As to the first factor, Judge Nathan of this Court has aptly noted the following:

> The Second Circuit has long recognized that the "likelihood of success on the merits" that is required for both a preliminary injunction and a stay can be satisfied if there are "serious questions" going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips <u>decidedly</u> in its favor. <u>Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.</u>, 598 F.3d 30, 35 (2d Cir. 2010). "The 'serious questions' standard permits a district court to grant a preliminary injunction [or stay] in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction [or stay]." <u>Id.</u> (citing <u>F. & M. Schaefer Corp. v. C. Schmidt & Sons, Inc.</u>, 597 814, 815-19 (2d Cir. 1979)).  A "serious questions" standard is particularly appropriate when a district court is asked to stay its own order; under such circumstances, the court has already determined that the applicant failed to succeed on the merits. Asking the district court to then find that the movant is likely to succeed on the merits on appeal would require the district court to find that its own order is likely to be reversed — a standard that for practical purposes is rarely going to be satisfied.

<u>In re A2P SMS Antitrust Litig.</u>, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (emphasis original).

This same concept has been articulated in a different way by courts in the District of Columbia Circuit.  As one judge put it:

> "A party does not necessarily have to make a strong showing with respect to the first factor (likelihood of success on the merits) if a strong showing is made as to the second factor (likelihood of irreparable harm)." <u>People for the Am. Way Found. v. U.S. Dep't of Educ.</u>, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (Kollar-Kotelly, J.); <u>see</u> <u>also</u> <u>Cuomo</u>, 772 F.2d at 974 ("Probability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or vice versa."). Ultimately, a court must weigh the factors depending on the circumstances of the particular case

<u>Dunlap v. Pres. Advisory Commn. on Election Integrity</u>, 390 F. Supp. 3d 128, 131 (D.D.C. 2019)

<u>Analysis</u>

In this case, it is difficult for the Court to accept that the Government is likely to succeed on the merits for the reasons stated in our Opinion and Order.  The issues were presented were not particularly close, in the Court's view.  Nonetheless, the issues raised were novel and arguably present "serious questions" going to the merits of the dispute.  <u>Citigroup Global Mkts.</u>,

598 F.3d at 35.  In light of the lack of a strong showing, the question of irreparable harm becomes critical as noted in Dunlap.

As to irreparable harm, plaintiffs argue that there is no irreparable harm because the Government can seek an "administrative stay" from the Second Circuit. (Docket # 34 at *3). We reject this argument because "an appellate court's power to hold an order in abeyance" pursuant to an administrative stay "while it assesses the legality of [an] order is constrained by the four factors that govern the issuance of a stay." Hassoun v. Searls, 976 F.3d 121, 130 n.5 (2d Cir. 2020) (citations and internal quotation marks omitted).  In other words, it would not be proper for this Court to avoid making the decision on a stay by dumping the inquiry into the lap of the Second Circuit.  Turning to the merits of the issue of irreparable harm, one of the critical purposes of the FOIA statute is to allow the Government to withhold documents that fit within an exemption.  Once a document is released, the bell cannot be unrung.  See generally Al Odah v. U.S., 559 F.3d 539, 544 (D.C. Cir. 2009) ("Once the information is disclosed, the 'cat is out of the bag' and appellate review is futile.'").  The harm to the Government is truly irreparable.  Thus this factor strongly favors a stay.

The Court considers the third and fourth factors together, as do plaintiffs, because release of the documents to the plaintiffs effectively means a release to the public and thus the release will vindicate the public's interest in having access to these documents.  Certainly, the Report addresses an issue of great public importance and the public and plaintiffs will be harmed if they do not obtain access.  But that does not dispose of the question because the issue is one of timing, not access.  One of the plaintiffs, the Wall Street Journal, along with Frontline, has already exposed the conduct discussed in the Report and has taken the agency to task for its failures.  The plaintiffs have not demonstrated that there is a pressing urgency to hearing the views of an outside consultant on the issues raised in the Report.  Obviously, a prompt release is highly desirable, but that is a far cry from showing that the public interest will be harmed or that plaintiffs will "suffer substantial injury" absent an immediate release.

Having weighed the factors, the Court finds that they tip slightly in favor of granting the Government's request for a stay.  However, because the Government's claim to a stay is of minimal strength, the Court will grant the stay only if certain conditions are met intended to expedite the appeal.  In crafting these conditions, we are aware that only the Solicitor General can authorize the appeal of an adverse decision and that the usual process for obtaining the Solicitor General's authorization may consume many weeks.  Nonetheless, the Government has the ability to hasten that process for urgent matters and routinely files protective notices of appeal.  The Court has no doubt that a decision from the Solicitor General can be obtained before the Government's brief would be due under the schedule ordered below, which is nearly a month from now.  Regardless, because the Court finds that any unnecessary delay of the production would outweigh the Government's interests, the Court is prepared to vacate the stay if the schedule contained in this Order is not met.

Accordingly, it is hereby ORDERED that the Court's January 13, 2021, order pursuant to 5 U.S.C. § 552(a)(4)(B) enjoining the Government to produce the Report to plaintiffs by January 27, 2021, is hereby stayed pending appeal, provided:

(1) the Government files a notice of appeal, Form C, and Form D on or before February 3, 2021; timely notifies the Second Circuit Clerk pursuant to Second Circuit Local Rule 31.2(a)(1)(A) that it will file its brief by February 24, 2021; and files its brief by February 24, 2021;

(2) the Government files its reply brief within 14 days of the filing of the appellees' brief;

(3) if plaintiffs file a motion for expedited consideration of the appeal (that is, a motion to have the case heard by the first available panel), the Government states, or authorizes plaintiffs to state, that it consents to the relief requested;

(4) if the Government states to the Circuit that it is unavailable for oral argument on certain dates, that it does so for only a minimal number of dates; and

(5) the Government prepares the Report that is the subject of the Opinion and Order (that is, with the Exemption 6 redactions, if any) by February 10, 2021, so that it is ready to be produced to plaintiffs on one day's notice in the event the stay is vacated or the Court's order is affirmed.

The Government is directed to file a sworn statement on or before February 10, 2021, confirming that it has complied with condition (5) above. If that condition or any of the other conditions are not satisfied, plaintiffs have leave to seek vacatur of the stay.

SO ORDERED.

Dated: January 25, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge